**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**E. BRUCE NAUMAN,**

              **Plaintiff,**          **07-CV-0740
                                                (GLS/RFT)**

      v.

**RENSSELAER POLYTECHNIC
INSTITUTE,**

              **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Gleason, Dunn Law Firm | RONALD G. DUNN, ESQ. |
| 40 Beaver Street | LISA F. JOSLIN, ESQ. |
| Albany, NY 12207 | |
| **FOR THE DEFENDANT:** | |
| Littler, Mendelson Law Firm | JACQUELINE R. BARRETT, ESQ. |
| Three Parkway, Suite 1400 | KRISTINE G. DEREWICZ, ESQ. |
| Philadelphia, PA 19102 | SARAH L. PWENSKI, ESQ. |
| | STEPHEN A. FUCHS, ESQ. |

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff E. Bruce Nauman brought this action against his employer,

Rensselaer Polytechnic Institute (RPI), claiming, among other things, age discrimination and retaliation under the Age Discrimination in Employment Act of 1967 (ADEA).  (Dkt. No. 1.)  On May 23, 2009, Nauman died, but no motion to substitute the proper party has been filed.  (Dkt. No. 48.)  Pending is RPI's motion to dismiss pursuant to FED. R. CIV. P. 25(a)(1) for failure to substitute within the prescribed statutory period.  (Dkt. No. 52.)  For the reasons that follow, the motion is granted.

## II. Background

On May 29, 2009, Nauman's counsel notified the court and RPI that Nauman had died on May 23, 2009, and requested that "the case be taken off the active trial calendar while we substitute [Nauman's estate] as the plaintiff party and explore alternatives going forward."  (Dkt. No. 48.)  On November 23, 2009, in a status report to the court, Nauman's counsel informed the court that "Mr. Nauman's surviving widow is the administrator of the estate," and that a motion to substitute the estate as the named plaintiff would be filed "within the next two weeks."  (Dkt. No. 50.)  On March 8, 2010, after no such motion had been filed, RPI filed the pending motion to dismiss the case pursuant to FED. R. CIV. P. 25(a)(1) for failure to substitute the proper party within the prescribed period.  (Dkt. No. 52.)  In

2

response to that motion, Nauman's counsel does not dispute the failure to timely substitute, and states that he was "informed by the named Executrix of the Estate, [Nauman's surviving spouse], that she has no objection to the discontinuance of the pending lawsuit." (Dkt. No. 53:1.)

### III. Discussion

Rule 25 of the Federal Rules of Civil Procedure provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a)(1). The Rule further states that "[a] motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* However, "if [that] motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*; *see, e.g., Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir. 1998) (affirming dismissal where "no motion for substitution was brought within 90 days" after statement of death was filed).

Here, it is undisputed that nearly a year after Nauman's counsel filed a statement of Nauman's death, and more than three months after he filed a statement of intent to file a motion to substitute, no motion for substitution has been filed. Accordingly, in the absence of a timely motion to substitute,

3

Nauman's action against RPI cannot survive and is therefore dismissed pursuant to FED. R. CIV. P. 25(a)(1).

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that RPI's motion to dismiss (Dkt. No. 52) is **GRANTED**; and it is further

**ORDERED** that Nauman's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 26, 2010
Albany, New York

*Gary L. Sharpe*
United States District Court Judge